UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| **CURTIS WALKER** | ) | |
| | ) | |
| Plaintiff | ) | Case No. __3-13-cv-212-H__ |
| | ) | |
| vs. | ) | Formerly Jefferson County, Kentucky |
| | ) | Jefferson Circuit Court, Div. 13 |
| **HAYES DRILLING, INC.** | ) | Civil Action No. 13-CI-00200 |
| | ) | |
| Defendant | ) | |
| | ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1332, §1441, and §1446, the Defendant, Hayes Drilling, Inc., hereby files this Notice of Removal from the Jefferson Circuit Court, Division 13, Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division, and as grounds for removal states as follows:

**PROCEDURAL BACKGROUND**

1. On January 15, 2013, the Plaintiff filed a Complaint in the Jefferson Circuit Court, Jefferson County, Kentucky, styled Curtis Walker v. Hayes Drilling, Inc., Division 13, Civil Action No. 13-CI-00200 (the "State Court Action"). Attached hereto as *Exhibit A* are true and correct copies of the process, pleadings, orders, and documents on file in the State Court Action which have been served upon the Defendant, as required by 28 U.S.C. §1446(a). These pleadings include: (a) Complaint filed by the Plaintiff; (b) Return of Service of Process; and (c) Answer filed by the Defendant. The Defendant, Hayes Drilling, Inc., was served with the Complaint on January 22, 2013. See Return of Service of Process included as part of *Exhibit A*

and Affidavit of Douglas J. Hayes, Vice-President and Secretary of the Defendant, Hayes Drilling, Inc., attached hereto as *Exhibit B* ("Affidavit").

2.  This Notice of Removal has been filed in the United States District Court for the Western District of Kentucky, Louisville Division, within thirty (30) days of the date that Defendant was served with the Summons and Complaint in this matter. Therefore, removal is timely in accordance with 28 U.S.C. §1446(b).

3.  A copy of this Notice of Removal is being contemporaneously filed with the Clerk of the Jefferson Circuit Court, Jefferson County, Kentucky, as required by 28 U.S.C. §1446(d).

4.  Venue is proper in this Court pursuant to 28 U.S.C. §1441(a) and §1446(a) because the U.S. District Court for the Western District of Kentucky, Louisville Division, is the federal judicial district embracing the Jefferson Circuit Court, Jefferson County, Kentucky, where the State Court Action was originally filed. Further, the conduct complained of allegedly took place on a job site in Jefferson County, Kentucky.

## STATEMENT OF THE CASE

5.  The Plaintiff asserts the following causes of action in his State Court Action: (a) Race Discrimination under the Kentucky Civil Rights Act, Chapter 344 *et seq.*; (b) Retaliation and Unlawful Discharge under the Kentucky Civil Rights Act, K.R.S. 344.280 *et seq.*; (c) Public Policy Wrongful Discharge in violation of Kentucky public policy; and (d) Intentional Infliction of Emotional Distress, the Tort of Outrage, under Kentucky tort law. See *Exhibit A*, Complaint.

6.  The Plaintiff seeks the following damages: (a) Trial by jury; (b) Judgment against the Defendant on all claims asserted; (c) Compensatory damages including but not limited to past and future lost wages and past and future lost benefits; (d) Compensatory damages including but

not limited to emotional distress, mental anguish, humiliation, and embarrassment; (e) Punitive damages; (f) An award of statutory attorney fees, costs and expenses; (g) Statutory interest on all damage awards, verdicts, or judgments; and (h) All other relief to which he may appear entitled. See *Exhibit A*, Complaint.  The Defendant has denied the allegations.  See *Exhibit A*, Answer.

7. The Court has original jurisdiction over this matter under 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the Plaintiff and Defendant and Defendant has a good faith belief, based on a fair reading of the Plaintiff's Complaint, that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Therefore, this action is removable pursuant to 28 U.S.C. §1441.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. §1332(a)

**A. Diversity of citizenship is established pursuant to 28 U.S.C. §1332.**

8. Diversity of citizenship is established when the matter is between citizens of different states.  28 U.S.C. §1332.  For purposes of diversity jurisdiction, a natural person is a citizen of the state in which he or she is domiciled.  Certain Interested Underwriters at Lloyd's, London, England v. Layne, 26 F.3d 39, 41 (6th Cir. 1994); and Von Dunser v. Aronoff, 915 F.2d 1071, 1072 (6th Cir. 1990).

9. In the Plaintiff's Complaint, he identifies his address as Louisville, Kentucky, and further states that he is an "individual living in Kentucky" and a "Kentucky resident."  See *Exhibit A*, Complaint, ¶1 and ¶4. Proof that a party to a suit is a resident of a state is prima facie evidence that he is a citizen thereof.  Humphrey v. Fort Knox Transit Co., 58 F. Supp. 362 (W.D. Ky. 1945) *aff'd sub nom.* Fort Knox Transit v. Humphrey, 151 F.2d 602 (6th Cir. 1945).  Therefore, it is established that the Plaintiff is a citizen of Kentucky at the time he filed the Complaint for purposes of diversity jurisdiction under 28 U.S.C. §1332(a)(1).

10. For purposes of diversity jurisdiction for a corporation, it shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. §1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). The Plaintiff alleges that the Defendant, Hayes Drilling, Inc., is a Kentucky corporation in his Complaint but this is in error. See *Exhibit A*, Complaint ¶3. The Defendant denied this allegation in its Answer. See *Exhibit A*, Answer, Second Defense, ¶3.

11. The Defendant, Hayes Drilling, Inc., is incorporated in the State of Missouri as evidenced by the Affidavit and supporting documentation attached hereto as *Exhibit B*. True and accurate copies of the (a) Missouri Certification of Incorporation; (b) Articles of Incorporation for HDI Corporation filed in Missouri; (c) Missouri Certificate of Amendment; and (d) Amended Articles of Incorporation filed in Missouri changing the corporate name to Hayes Drilling, Inc. are included as part of *Exhibit B*. Therefore, the Defendant is a citizen of Missouri, its place of incorporation. 28 U.S.C. §1332(c)(1).

12. Likewise, the Defendant's principal place of business is located at 15525 S. Mahaffie Street, Olathe, Kansas, 66062, as evidenced by the Affidavit attached hereto as *Exhibit B*. This location is the Defendant's principal place of business as evidenced by the following: (a) This is the location of the Defendant's corporate headquarters; (b) The Defendant's corporate headquarters is the actual center of direction, control, and coordination for its operations; (c) This is where the Defendant's corporate officers are located; (d) The Defendant's corporate activities are directed from this location; (e) This is where the Defendant's corporate board meetings are held; (f) This is where the majority of the Defendant's employees receive direction and instruction from on a daily basis; and (g) The Defendant's EEO Officer is located at this

location. See Affidavit attached as *Exhibit B*. Therefore, the Defendant's principal place of business is in Kansas. 28 U.S.C. §1332(c)(1).

13. In <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010), the United State Supreme Court held that the term "principal place of business" in the federal diversity jurisdiction statute refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities, in other words the corporation's "nerve center"; in practice it should normally be the place where the corporation maintains its headquarters, provided that the headquarters is the actual center of direction, control, and coordination, and not simply an office where the corporation holds its board meetings. See also 28 U.S.C. § 1332(c)(1).

14. While the Defendant, Hayes Drilling, Inc., is registered with the Kentucky Secretary of State in order to do business in Kentucky, that fact does not establish citizenship in Kentucky for purposes of diversity jurisdiction for a corporation. <u>Knight v. Pennsylvania</u>, 94 S.W.2d 1013, 1015(Ky. 1936). In <u>Knight</u>, the Kentucky Court of Appeals held that just because a corporation is required to register with the Kentucky Secretary of State in order to do business in Kentucky, it does not "re-create" a foreign corporation and make it a Kentucky corporation. The corporation will still maintain its citizenship in its state of incorporation and will not lose its right to remove a suit to federal court on account of diverse citizenship. <u>Id.</u>

15. Based on the information contained herein, there is complete diversity of citizenship between the Plaintiff and Defendant thus permitting removal under 28 U.S.C. §1441 and §1446.

**B. The Amount in Controversy exceeds $75,000 as required under 28 U.S.C. §1332.**

16. For removal based on diversity jurisdiction, the Defendant is required to show by a

preponderance of the evidence that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a); Everett v. Verizon Wireless, Inc., 460 F.3d 818, 829 (6th Cir. 2006). However, this standard does not place upon the Defendant the daunting burden of proving, to a legal certainty, that the Plaintiff's damages are above the amount in controversy requirement, as such a burden might well require the Defendant to research, state, and prove the Plaintiff's claim for damages. Hayes v. Equitable Energy Resources Co., 266 F.3d 560 (6th Cir. 2001).

17. In this case, the Plaintiff's Complaint simply states that the amount in controversy exceeds the jurisdictional minimum of Jefferson County Circuit Court as required under CR 8.01(2). See *Exhibit A*, Complaint, ¶7. Under Kentucky law, a Plaintiff is prohibited from specifically making a numerical demand in excess of the state's jurisdictional amount. CR 8.01(2). Therefore, in cases like this one, where the Plaintiff's Complaint seeks unspecified amounts, removal is still proper if the Defendant proves that it is "more likely than not" that the Plaintiff's claims exceed $75,000. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868 (6th Cir. 2000). This is based on a fair reading of the claims and damages being asserted in the Plaintiff's Complaint. McCraw v. Lyons, 863 F.Supp. 430, 434(W. D. Ky. 1994).

18. Moreover, the law allows claims to be aggregated to satisfy the jurisdictional amount requirement. Hollon v. Consumer Plumbing Recovery Center, 417 F. Supp. 2d 849, 851 (E.D. Ky. 2006). In the Plaintiff's Complaint, he seeks the following monetary damages:

    a. Compensatory damages including but not limited to past and future lost wages and past and future lost benefits;
    b. Compensatory damages including but not limited to emotional distress, mental anguish, humiliation, and embarrassment;
    c. Punitive damages;
    d. An award of statutory attorney fees, costs and expenses;
    e. Statutory interest on all damage awards, verdicts, or judgments; and
    f. All other relief to which he may appear entitled. See *Exhibit* A, Complaint.

Based on this list of monetary damages sought by the Plaintiff, the Defendant has a good faith belief that "more likely than not" the amount in controversy exceeds $75,000, especially in light of his claims for an award of statutory attorney's fees and punitive damages.

19. In fact, in <u>Egan v. Premier Scales & Systems</u>, 237 F.Supp. 2d 774, 776(W.D. Ky. 2002), this Court found that the Defendant met its burden of proving that "more likely than not" the damages would exceed the jurisdictional minimum in an employment discrimination case where the Plaintiff pled unspecified amounts for lost wages, benefits, humiliation and embarrassment and willful, malicious and outrageous conduct against her former employer. The Court stated therein that "[g]iven the nature of these charges and her demand for punitive damages, Defendant can easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement." <u>Id.</u>  And, importantly, this Court has also found that when damages are not specified in the Complaint, but a fair reading of the Complaint meets the jurisdictional minimum, a Defendant cannot " 'sit idly by' while the statutory period runs" but instead must remove the case within the 30-day deadline. <u>McCraw v. Lyons</u>, 863 F.Supp. 430, 434(W.D. Ky. 1994).  Based on a fair reading of the Plaintiff's Complaint, removal is proper at this time based on the damages sought.

20. The Plaintiff herein has made a claim for punitive damages.  The Sixth Circuit has held that that when determining whether the jurisdictional amount in controversy requirement in diversity cases is satisfied, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered. <u>Hayes v. Equitable Energy Resources Co.</u>, 266 F.3d 560 (6th Cir. 2001).  Under Kentucky law, punitive damages may be recoverable if the Plaintiff shows by clear and convincing evidence that the Defendant acted toward him with oppression, fraud or malice.  K.R.S. 411.184.  While it is clear under <u>Kentucky Dept. of Corrections v.</u>

McCullough, 123 S.W.3d 130 (Ky. 2003) and Brooks v. Lexington-Fayette Urban Co. Housing Auth., 132 S.W.3d 790 (Ky. 2004), that the Plaintiff cannot recover punitive damages on his claims for race discrimination or retaliation brought under the Kentucky Civil Rights Act, the Plaintiff does assert other claims, such as Intentional Infliction of Emotional Distress, that may permit an award of punitive damages if sufficient facts are proven. Various allegations are made in the Complaint in an effort to support such a claim. See *Exhibit A*, Complaint. While these allegations are denied by the Defendant, the Plaintiff has asked for an unspecified amount in punitive damages, presumably under K.R.S. 411.184, for the tort of outrage thus supporting the amount in controversy requirement.

21. In fact, in Hollon v. Consumer Plumbing Recovery Center, 417 F. Supp. 2d 849, 851 (E.D. Ky. 2006), the U.S. Court for the Eastern District of Kentucky held that removal was proper when a Complaint sought unspecified amounts for punitive damages under K.R.S. 411.184. The Court recognized therein that under K.R.S. 411.184, Plaintiff could be eligible for an award of punitive damages if sufficient evidence was presented, thus supporting the jurisdictional amounts required for diversity jurisdiction (even though the amount claim was unspecified in the Complaint). Therefore, even though punitive damages may be unspecified in the Complaint, if the law permits such as an element of damages, then the Court will allow the Defendant to rely upon this evidence to support the jurisdictional minimum.

22. Punitive damages will generally be upheld as long as they are not grossly excessive or arbitrary. Simpson County Steeplechase Ass'n, Inc. v. Roberts, 898 S.W.2d 523, 528 (Ky. App. 1995). In fact, in Burgess v. Taylor, 44 S.W.3d 806 (Ky. App. 2001), the Court upheld an award of $50,000 in compensatory damages and $75,000 in punitive damages on a claim for Intentional Infliction of Emotional Distress. This is one of the theories pled by the

8

Plaintiff herein.  Accordingly, this further supports the Defendant's good faith belief that the amount in controversy exceeds $75,000.

22. Statutory attorney's fees are also to be considered in determining the amount in controversy under 28 U.S.C. §1332(a).  Hollon, supra.  In Hollon, the Court held that removal was proper when the Complaint sought unspecified amounts for attorney's fees and other relief and limited compensatory damages to less than $75,000.  The Plaintiff therein made a statutory claim for attorney's fees under Kentucky's Consumer Protection Act (K.R.S. 367.220(3)).  While the Complaint did not specify what amount was being sought for attorney's fees, the Court still allowed this factor to be considered in determining satisfaction of the jurisdictional amount since attorney's fees were recoverable in that type of action.  And, the Court found that removal was warranted.

23. The Plaintiff herein seeks an unspecified amount for statutory attorney's fees and asks for any and all other relief that he may be entitled.  See *Exhibit A*, Complaint, Prayer for Relief, p. 5.  Kentucky law does permit an award of reasonable attorney's fees for Plaintiff's attorney of record for violations of the Kentucky Civil Rights Act.  K.R.S. 344.450; Brooks v. Lexington-Fayette Urban Co. Housing Auth., 132 S.W.3d 790 (Ky. 2004).

24. The attorney's fee demand in Plaintiff's damages alone provides the Defendant with a good faith belief that the damages sought exceed $75,000.  (See Meyers v. Chapman Printing Co., Inc., 840 S.W.2d 814 (Ky. 1992), where the Court upheld an award of $150,662.85 in attorney's fees in a gender discrimination case brought under K.R.S. 344.450).  Since the Plaintiff herein has made claims under the Kentucky Civil Rights Act, which permits the recovery of a reasonable attorney's fee, this further supports the amount in controversy requirement under 28 U.S.C. §1332(a).

25. Lastly, the Plaintiff is seeking compensatory damages for past and future lost wages and benefits, and emotional distress, mental anguish, humiliation, and embarrassment in an unspecified amount. Plaintiff was paid at the hourly rate of $21.61. See *Exhibit B*. Thus, Plaintiff will likely claim lost wages, on an annual basis, in the amount of $41,491.20. Said amounts, in addition to the other unspecified amounts for statutory attorney's fees and punitive damages, if proven by Plaintiff, easily places the amount in controversy above $75,000 for diversity jurisdiction. Egan v. Premier Scales & Systems, 237 F.Supp. 2d 774, 776(W.D. Ky. 2002).

## **CONCLUSION**

WHEREFORE, the Defendant hereby removes this civil action to the United States District Court for the Western District of Kentucky, Louisville Division. This matter is between citizens of different states and a fair reading of the Complaint shows that the amount in controversy exceeds $75,000. By this Notice of Removal, Defendant does not waive any objections or defenses it may have to this action. Defendant intends no admission of fact, law, or liability by this Notice and expressly reserves all defenses, motions, and/or pleas.

Respectfully Submitted,

Meade Ensslin, PLLC
Bluegrass Corporate Center
333 West Vine St., Suite 300 East
Lexington, Kentucky 40507
Phone: 859-368-8747
Fax: 859-317-9729

By:  /s/ Tammy Meade Ensslin
TAMMY MEADE ENSSLIN
tensslin@meadeensslin.com
ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 15th day of FEBRUARY, 2013, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system.  This is to further certify that the foregoing and a Notice of Electronic Filing have been served on the same day, by facsimile and by U.S. Mail, postage prepaid, upon the following:

Kurt Scharfenberger
1600 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
Phone:  (502)561-0777
Facsimile:  (502) 236-0888

> By: /s/ Tammy Meade Ensslin
> Tammy Meade Ensslin
> ATTORNEY FOR DEFENDANT