| | | |
|---|---|---|
| AOC-105 Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1   Ver. 1.02<br>Commonwealth of Kentucky<br>Court of Justice  www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. **13 CI 00200**<br>Court  ☑ Circuit  ☐ District<br>County   Jefferson<br>JEFFERSON CIRCUIT COURT<br>DIVISION THIRTEEN (13) |

**PLAINTIFF**

Curtis                                    Walker
2214 Steier Lane

Louisville              Kentucky            40218

VS.

**DEFENDANT**

Hayes Drilling Inc.
15525 S. Mahaffie St.

Olathe                  Kansas              66062

**Service of Process Agent for Defendant:**
Craig                          A            Myers
1120 East Main St.

Georgetown                                 Kentucky        40324

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: ___JAN 15 2013___, 2___

**DAVID L. NICHOLSON, CLERK**

By: _____ Clerk
                                         _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:
_____
this _____ day of _____, 2_____.

Served by: _____
_____ Title

**EXHIBIT A**

CIVIL ACTION NO. **13CI 00200**   JEFFERSON CIRCUIT COURT

DIVISION _____

JUDGE: ----------

JEFFERSON CIRCUIT COURT
DIVISION THIRTEEN (13)

Curtis Walker
2214 Steier Lane
Louisville, Ky 40218                                         **PLAINTIFF**

V.

**COMPLAINT**

FILED IN CLERK'S OFFICE
DAVID L. NICHOLSON, CLERK
JAN 15 2013
BY _____
DEPUTY CLERK

Hayes Drilling, Inc.
15525 S MAHAFFIE STREET
OLATHE, KS 66062                                             **DEFENDANT**

SERVE:   CRAIG A. MYERS
         1120 EAST MAIN
         GEORGETOWN, KY 40324

## I. INTRODUCTION

Comes the Plaintiff, **Curtis Walker** (hereinafter "**Walker**" or "Plaintiff"), and for his Complaint against the Defendant, **Hayes Drilling, Inc.** (hereinafter "Hayes" or "Defendant"), states as follows:

## II. PARTIES

1. **Walker** is an individual living in Kentucky.
2. Hayes is a Kentucky corporation doing business in Louisville, Kentucky.

## III. JURISDICTION AND VENUE

3. **Hayes** is a Kentucky corporation.

4. **Walker** is a Kentucky resident.

5. Hayes regularly transacts business in Louisville, Jefferson County, Kentucky.

6. Venue is proper in Jefferson County, Kentucky, pursuant to Kentucky Revised Statutes ("KRS"), Chapter 452, because the events that give rise to the causes of action in this case occurred in Jefferson County, Kentucky.

7. A case and controversy exists between the parties to this action and the amount in controversy exceeds the jurisdictional minimum of this Circuit Court.

## IV. FACTS

8. **Walker** is an African American female and a former employee of **Hayes**.

9. **Walker** began working for **Hayes** in 2012.

10. **Walker** worked for Hayes for approximately 1 month.

11. During his term of employment, **Walker** had an excellent employment record and work history.

12. During his employment with **Hayes, Walker** was never suspended, demoted, disciplined, discharged or threatened with discharge until he complained about race discrimination.

13. **Walker's** position was that of director of operations.

14. During his employment with **Hayes, Walker** was subjected race discrimination. On numerous occasions Plaintiff was called "ape" and "monkey" in the work place.

15. **Walker** objected to the racial comments.

16. Plaintiff was then written up by management.

17. **Walker** made clear that he opposed the owner's race discrimination.

18. In retaliation to **Walker's** complaints Hayes began to manufacture problems with **Walker's** work product.

19. **Walker** again complained about race discrimination.

20. In 2012, in response to **Walker's** complaints and opposition, **Hayes** retaliated against **Walker** by wrongfully terminating his employment in violation of the Kentucky Civil Rights Act.

21. **Walker's** opposition and complaints to **Hayes** were a motivating factor in **Walker's** termination.

22. **Hayes**, by and through its employees created a racially hostile work environment.

23. In addition to creating a hostile work environment the Defendant engaged in a pattern and practice of routinely promoting less experienced Caucasian employees over African American employees.

24. African American employees, other than **Walker**, have complained and or voiced opposition to **Hayes** officials about the treatment of African American employees at **Hayes**.

### V.     CLAIMS AND CAUSES OF ACTION

#### A.     RACE DISCRIMINATION

25. **Walker** re-alleges all allegations contained in Paragraphs 1 through 24 above as if fully set forth herein.

26. The Defendant's actions in discharging **Walker** constitute race discrimination and unlawful discharge under the Kentucky Civil Rights Act, Chapter 344 *et. seq.* (hereinafter "KRS 344").

#### B.     RETALIATION/AND UNLAWFUL DISCHARGE

3

27. Walker re-alleges all allegations contained in Paragraphs 1 through 26 above as if fully set forth herein.

28. Defendants' actions, as set forth above, constitute retaliation and retaliatory discharge in violation of KRS 344.280 *et seq.*

### C. PUBLIC POLICY WRONGFUL DISCHARGE

29. Walker re-alleges all allegations contained in Paragraphs 1 through 28 above as if fully set forth herein.

30. The Defendant's actions in discharging Walker constitute an actionable wrongful discharge in violation of Kentucky public policy.

### D. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Walker re-alleges all allegations contained in Paragraphs 1 through 30 above as if fully set forth herein.

32. The Defendant's actions in discharging Walker constitute the tort of intentional infliction of emotional distress, also known as the tort of outrage, under Kentucky tort law.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Walker respectfully prays that he be awarded the following relief and all other relief to which she may be entitled:

A. Trial by jury;

B. Judgment against the Defendant on all claims asserted herein;

C. Compensatory damages including but not limited to past and future lost wages and past and future lost benefits;

D. Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;

E. Punitive damages to punish and deter similar future unlawful conduct;

F. An award of statutory attorney fees, costs and expenses; and

G. Statutory interest on all damage awards, verdicts or judgments.

H. To all other relief to which it may appears he is entitled.

Respectfully submitted,

Kurt A. Scharfenberger
1600 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
(502) 561-0777 (phone)
(502) 236-0888
Kurt@scharfenberger-law.com

*Attorney for the Plaintiff Curtis Walker*

5

13CI 00200
(13)

CLERK'S OFFICE
JEFFERSON CIRCUIT CT.

2013 JAN 24 PM 3 02

CLERK IS

BY _____ D.C.

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Hayes Drilling, Inc
   CRAIG A. MYERS
   1120 EAST MAIN ST.
   GEORGETOWN, KY 40324

   **13 C I 00200**

2. Article Number: 7012 2210 0002 7251 3225
   (Transfer from service label)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _C.A. M___  ☐ Agent  ☑ Addressee

B. Received by (Printed Name): Craig A. Myers
C. Date of Delivery: 1/22/13

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

   JAN 17 2013

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☑ Yes

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
DIVISION 13
CIVIL ACTION NO. 13-CI-00200

**CURTIS WALKER**                                                             **PLAINTIFF**

vs.

**HAYES DRILLING, INC.**                                             **DEFENDANT**

**ANSWER**

\*\*\* \*\*\* \*\*\*

Comes now the Defendant, **HAYES DRILLING, INC.**, by Counsel, and for its Answer to the Plaintiff's Complaint states as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted and should be dismissed.

**SECOND DEFENSE**

In response to the specific allegations of the Plaintiff's Complaint, the Defendant pleads as follows:

1. The Defendant is without sufficient information or knowledge to form a belief to the allegations contained in Paragraphs 1, 4, 6 and 7 of the Plaintiff's Complaint and therefore denies same.

2. In response to Paragraph 2, the Defendant denies that it is a Kentucky corporation but admits that it does business in Louisville, Kentucky.

3. The Defendant denies the allegations contained in Paragraphs 3, 5, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31 and 32 of the Plaintiff's Complaint.

1

4. In response to Paragraph 8, the Defendant admits that the Plaintiff was a former employee of the Defendant but denies the remaining allegations in Paragraph 8.

5. The Defendant admits the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

6. The Defendant denies the remaining allegations of the Plaintiff's Complaint not specifically admitted herein.

## THIRD DEFENSE

The Defendant pleads specifically the affirmative defenses set forth in CR 8.03, including statute of limitations, estoppel, waiver, res judicata, insufficiency of process, insufficiency of service of process, and any other affirmative defense which may become known or discoverable during the course of this litigation.

## FOURTH DEFENSE

The Plaintiff is barred from recovery herein, either in whole or in part, by reason of his failure to mitigate damages.

## FIFTH DEFENSE

The Plaintiff was an "at will" employee and the Defendant relies upon the Plaintiff's "at will" status as a complete bar to the Plaintiff's Complaint.

## SIXTH DEFENSE

The Defendant had no adequate and timely notice, actual or constructive, of the alleged discrimination, retaliation, or harassment, of which the Plaintiff now complains, and it relies upon same as a complete bar to the Plaintiff's Complaint.

## SEVENTH DEFENSE

Any damages and/or adverse job actions suffered by the Plaintiff, which are denied, were

proximately and solely caused by the Plaintiff's own conduct thus barring the Plaintiff's claim in whole.

## EIGHTH DEFENSE

Any damages or adverse job actions suffered by the Plaintiff, which are denied, were proximately and solely caused by the actions of other parties and/or other unknown third-parties of or which this Defendant had no control, thus barring the Plaintiff's claim in whole or in part.

## NINTH DEFENSE

The Defendant has no vicarious liability for any severe and pervasive harassment alleged by the Plaintiff, which harassment is expressly denied, because it has promulgated effective anti-discrimination and anti-harassment policies, exercised reasonable care to prevent and correct promptly any severe and pervasive harassing behavior, and the Plaintiff unreasonably failed to take advantage of preventive opportunities provided by the Defendant.

## TENTH DEFENSE

At all times mentioned in the Complaint, the actions of the Defendant, in all respects, were reasonable, proper, legal and without wrongful intent or malice and the Defendant is not liable for exemplary or punitive damages in any sum, or at all.

## ELEVENTH DEFENSE

The Plaintiff is limited to a recovery of actual damages only, and is not entitled to any other damages under K.R.S. 344.450, including but not limited to punitive damages, and his claim for punitive and other damages must be dismissed, with prejudice.

## TWELFTH DEFENSE

At all times mentioned in the Complaint, the Defendant acted in good faith and without any ill motive or tortious intent and without any regard to his race, which acts as a complete bar to the

Plaintiff's Complaint.

## THIRTEENTH DEFENSE

The Plaintiff failed to timely report any incident of alleged discrimination, retaliation or harassment to appropriate officials and further failed to follow and exhaust appropriate administrative and/or contractual procedures for dealing with same, and the Defendant relies upon said facts as a complete bar to the Plaintiff's Complaint herein.

**WHEREFORE**, the Defendant asks for the Plaintiff's Complaint be dismissed, and that he take nothing thereby; for its costs herein expended and for any and all other appropriate relief as it may be entitled, including a trial by jury.

Meade Ensslin, PLLC

By: *Tammy Ensslin*
Tammy Ensslin, Attorney
Bluegrass Corporate Center
333 West Vine St., Suite 300 East
Lexington, Kentucky 40507
Telephone: 859-368-8747
Facsimile: 859-317-9729
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___ day of FEBRUARY, 2013, a true and correct copy of the foregoing was served upon the following, by facsimile and U.S. Mail, postage prepaid:

Kurt Scharfenberger
1600 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
Facsimile: (502) 236-0888

By: *Tammy Ensslin*
Tammy Ensslin
**ATTORNEY FOR DEFENDANT**