UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-00212-H

CURTIS WALKER,                                                      PLAINTIFF

V.

HAYES DRILLING, INC.,                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff has moved to remand based on a stipulation that he will not seek or accept damages in excess of $74,999.  Defendant responds that the amount at issue clearly exceeds the jurisdictional limit and that the stipulation is unequivocal.

The Court will uphold a stipulation where it is an "unequivocal statement . . . limiting damages."  *Egan v. Premier Scales & Sys.*, 327 F. Supp. 2d 774, 778 (W.D. Ky. 2002).  Recently, this Court had the occasion to review its own jurisprudence and that the Sixth Circuit concerning whether a plaintiff's post-removal stipulation is unequivocal.  *See Spence v. Centerplate*, ___ F. Supp. 2d ___, 2013 WL 1163991 (W.D. Ky. Mar. 21, 2013).  The Court's analysis in that case is wholly applicable to the case *sub judice*.[1]  The stipulation satisfies the Court's requirement for an unequivocal statement and, as such, the Court does not have jurisdiction pursuant to 28 U.S.C. § 1332 and the matter must be remanded.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and this case is REMANDED to Jefferson Circuit Court.

---

[1]  In fact, in both actions, the respective plaintiffs had identical post removal stipulations: "Plaintiff will not seek or accept an award of damages in excess of $74,999.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief.  ECF No. 4-1.  *See Spence*, 2013 WL 1163991, at *1.

cc:     Counsel of Record
         Jefferson Circuit Court